**STATE OF MONTANA,**
**Plaintiff,**                                         **No. DC-05-24**
**vs.**                                                **Decision**
**JUSTIN ARO,**
**Defendant.**

On April 27, 2005, the defendant was sentenced to the following: <u>Count I</u>:
Forty (40) years in the Montana State Prison, with twenty-five (25) years
suspended, for the offense of driving Under the influence of Alcohol or Drugs,
4th or subsequent offense, a felony; and <u>Count II</u>: A commitment to the
Gallatin County Detention Center for a term of six (6) months, to run
concurrently with Count I and with the sentences imposed in Cause Numbers
DC-00-252; DC-03-11 and DC-04-366, for the offense of Driving While
Suspended or Revoked, a misdemeanor. In addition, Judge Mike Salvagni
applied a Persistent Felony Offender Status.

On August 8, 2005, the defendant's application for review of that sentence
was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Peter Ohman. The
state was represented by Marty Lambert.

Before hearing the application, the defendant was advised that the
Sentence Review Division has the authority not only to reduce the sentence
or affirm it, but also increase it. The defendant was further advised that there
is no appeal from a decision of the Sentence Review Division. The defendant
acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division of the Supreme Court
of Montana provides that "the sentence imposed by the District Court is
presumed correct, and the sentence will not be reduced or increased unless it
is deemed clearly inadequate or excessive." (§46-18-904(3), MCA).

It is the unanimous decision of the Sentence Review Division that the
sentence is not clearly excessive given the numerous prior DUIs and the
willingness of this Defendant to continue to drive while drinking. However,
the Division finds the Defendant should be offered an opportunity to attend
Boot Camp.

Therefore, it is the unanimous decision of the Sentence Review Division
that the sentence shall be amended to recommend the Defendant be screened
for Boot Camp at the Treasure State Correctional Training Center. Upon
successful completion of the Boot Camp program, the Defendant may apply for
a reduction in his sentence to the sentencing judge. The terms and conditions
shall remain as imposed in the Judgment of April 27, 2005.

Done in open Court this 8th day of August, 2005.
DATED this 17th day of August, 2005.
Chairperson, Hon. Gary L. Day, Member, Hon. John Whelan and Member, Hon. Randal I. Spaulding.